PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALBERTO RESTO, Defendant and Appellant.

No. 7344.   Argued January 20, 1939.—Decided February 25, 1939.

*C. H. Juliá* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Alberto Resto was accused of unlawfully carrying a revolver in Marcela Feliciano's house on January 29, 1938, in the ward Guaraguao of the municipality of Guaynabo. After the State had presented its evidence, the defense moved for a directed verdict, alleging that the prosecuting attorney had not made a prima facie case. The motion was overruled. The accused took exception to the ruling and did not present any evidence resting on that presented by the District Attorney. On the next day, the 15th of June last, the Court rendered judgment declaring the accused convicted of the offense and sentencing him to three months in jail. He appealed to this Court and in praying that the judgment be reversed, he alleges the following error as committed by the lower court:

"1. The Court erred in denying the motion for directed verdict which the defense presented in the manner of a nonsuit."

From the evidence it appears that on the night of January 29, 1938, a few friends, among whom was the accused, were together in Marcela Feliciano's house. They were playing guitar and singing. About midnight a man arrived at the house and the accused fired his revolver at him. After wounding the man, he fled from the house, taking the revolver with him. There is nothing in the evidence to indicate that the accused obtained the revolver from another person then present or that he took it or found it somewhere in the house. The defense invokes the case of *People* v. *Rodríguez*, 45 P.R.R. 70, where it was alleged that the accused carried a revolver at a dance which was given at the home of Valeriano Hernández in the municipality of Carolina. In reversing the judgment which convicted the accused, this Court, by Mr. Associate Justice Wolf, said as follows:

"The information in this case sets up that José Rodríguez was guilty of bearing a prohibited weapon in the house of Valeriano Hernández, where a ball was taking place. However, on examining the record we find no direct evidence that José Rodríguez had a weapon on his person when he took part in the ball at the house of Valeriano Hernández. The whole evidence tends to show that he bore a weapon in the events that took place some time after leaving the house on the highway. There was some evidence tending to show that on the highroad he drew a pistol out of his pocket, but there was nothing in the record to show how the pistol came to be on his person. There is the possibility that the pistol may have been picked up or handed him some time between the moment he left the house and the time that he used it in the affray that took place on the highway.

"The circumstantial evidence in this case is not strong enough to exclude the possibility that José Rodríguez did not have a pistol while he was in the house of Valeriano Hernández."

The case now before us is different. In this case all the evidence shows that the shots were fired in the house of Marcela Feliciano, and that at the same time the revolver was seen in the possession of the accused.

382

As we have said before, there is not a scintilla of evidence to show that the possession of the arm was accidental nor did the accused present any evidence to that effect.

In our opinion the District Court did not commit the alleged error. Therefore, the appeal should be dismissed and the judgment appealed from affirmed.